IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REDACTED / CLEARED FOR PUBLIC RELEASE

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
      v.                       )      No. 13 CR 572-2
                               )
C. GREGORY TURNER,             )
                               )
            Defendant.         )

## MEMORANDUM OPINION AND ORDER

The Government has filed an *ex parte, in camera* motion under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App.3 § 1 *et seq.*, and Federal Rule of Criminal Procedure 16(d)(1) seeking entry of a protective order that authorizes the prosecution to withhold [ ] classified documents from Defendant C. Gregory Turner ("Turner").

After carefully reviewing the Government's motion, the [ ] underlying documents, and Turner's *ex parte* submission, I grant the Government's motion and will enter its proposed protective order for the reasons stated below. The Government is directed to file a redacted version of its CIPA motion on the public docket. *See U.S. v. Jin*, 791 F.Supp.2d 612, 615 n.1 (N.D. Ill. 2011) (Castillo, J.). The Court-designated Classified Information Security Officer, *see* Dkt. No. 56, is

1

directed to issue an un-redacted version of this opinion to the
Government *ex parte* and maintain the same under seal. *Id.*

I.

A grand jury has charged Turner with committing three
offenses between November 2008 and April 2010: (1) Count I
alleges that Turner conspired to act in the United States as the
agent of a foreign government, namely the Republic of Zimbabwe,
without providing prior notification to the Attorney General as
required by 18 U.S.C. § 951(a); (2) Count II alleges that Turner
committed the substantive offense of acting in the United States
as an unregistered agent of the Republic of Zimbabwe in
violation of 18 U.S.C. § 951(a); and (3) Count IV alleges that
Turner conspired to provide political consulting, public
relations, and lobbying services for three Zimbabwean officials
who are "Specially Designated Nationals" without first obtaining
a license as required by 50 U.S.C. § 1705(c) and 31 C.F.R. §§
541.201, 541.204, and 541.405. See Dkt. No. 38 ("Indictment").

The Government certifies that it conducted a thorough
search for potentially discoverable information ⬚⬚⬚
⬚⬚⬚ In the present motion, the Government
asserts the classified information privilege with respect to
⬚⬚ "potentially discoverable" documents located during this

search.[1]  The identity of which [         ] holds these
documents is a classified fact in its own right.

II.

CIPA provides a procedural framework for resolving the
Government's motion.  *See U.S. v. O'Hara*, 301 F.3d 563, 568 (7th
Cir. 2002) (describing CIPA's "fundamental purpose" as
"protecting and restricting the discovery of classified
information in a way that does not impair the defendant's right
to a fair trial").  The statute "is essentially a procedural
tool that requires a court to rule on the relevance of
classified information before it may be introduced."  *U.S. v.
Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (noting that "CIPA
does not create any discovery rights for the defendant").

The Government's motion invokes Section 4 of CIPA, which
provides that:

> The court, upon a sufficient showing, may authorize
> the United States to delete specific items of
> classified information from documents to be made
> available to the defendant through discovery under the
> Federal Rules of Criminal Procedure, to substitute a
> summary of the information for such classified
> documents, or to substitute a statement admitting
> relevant facts that the classified information would
> tend to prove.

> The court may permit the United States to make a
> request for such authorization in the form of a

---

[1] Any reports, memoranda, or e-mails disseminating the contents
of the [   ] classified documents at issue in the Government's
motion are cumulative evidence whose relevance and helpfulness
to Turner need not be addressed separately.

written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App.3 § 4 (paragraph break added); *see also* Fed. R. Crim. P. 16(d)(1) (authorizing courts to deny or restrict discovery based upon an *ex parte* showing of good cause).

"The Seventh Circuit has not explicitly addressed what standard a district court should apply in analyzing government requests for protective orders under CIPA Section 4." *Jin*, 791 F.Supp.2d at 618. However, there is widespread agreement among the other circuits on a four-part test for resolving CIPA discovery motions:

[1] When considering a motion to withhold classified information from discovery, a district court must first determine whether, pursuant to the Federal Rules of Criminal Procedure, statute, or the common law, the information at issue is discoverable at all.

[2] If the material at issue is discoverable, the court must next determine whether the government has made a formal claim of the state secrets privilege lodged by the head of the department which has actual control over the matter, after actual personal consideration by that officer.

[3] Once a court concludes that the material is discoverable and that the state secrets privilege applies, then the court must determine whether the evidence is relevant and helpful to the defense of an accused.

4

[4] If the information meets the relevant and helpful test, CIPA § 4 empowers courts to determine the terms of discovery, if any.

*U.S. v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013) (internal citations and quotations omitted) (paragraph breaks added); *see also Jin*, 791 F.Supp.2d at 619 (collecting cases in which the First, Second, Fourth, Fifth, Ninth, and D.C. Circuits have applied the "relevant and helpful" standard in resolving CIPA motions).[2] "Several circuits have also recognized or endorsed a final step in determining whether classified information must be disclosed to a defendant: the balancing of the Government's interest in nondisclosure against the defendant's need for the information." *Id.* at 620-21 (collecting cases).

I share the concern expressed by several courts about the "awkward nature" of applying this four-part framework in an *ex parte* setting: "[Turner] is forced to argue for the relevance of material without actually knowing what the classified record contains, while [I] know what it contains but [am] unable to describe it on the public record." *Sedaghaty*, 728 F.3d at 906; *see also U.S. v. Stewart*, 590 F.3d 93, 132 (2d Cir. 2009) (explaining how CIPA "place[s] all parties involved (except

_____

[2] The "relevant and helpful" test is based on the Supreme Court's holding in *Roviaro v. U.S.*, 353 U.S. 53 (1957), that the government's interest in protecting confidential informants yields only "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause[.]" *Id.* at 60-61.

perhaps the government) at a substantial disadvantage"); *U.S. v. Meija*, 448 F.3d 436, (D.C. Cir. 2006) (noting that "defendants and their counsel...are in the best position to know whether information would be helpful to their defense").

In an effort to alleviate these concerns, I granted Turner leave to file an *ex parte* submission explaining what information would be helpful his defense. *See Sedaghaty*, 728 F.3d at 906 n.10 (following a similar approach). In reviewing Turner's submission, I "place [myself] in the shoes of defense counsel, the very ones that cannot see the classified record, and act with a view to [Turner's] interests." *U.S. v. Amawi*, 695 F.3d 457, 471 (6th Cir. 2012); *see also U.S. v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) (noting that courts should "err on the side of protecting the interest of the defendant" when determining whether classified documents are relevant and helpful).

III.

A.

The first prong of the four-part framework for analyzing CIPA discovery motions--whether the classified documents at issue would ordinarily be discoverable--is satisfied here based on the Government's abrupt change in position. In its original *ex parte* submission, the Government argued that ☐ classified documents were not discoverable under Federal Rule of

6

Criminal Procedure 16; the Jenks Act, 18 U.S.C. § 3500; or *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *See* Pl.'s Mot. at 32-33. However, in a supplemental filing, the Government changed positions and now concedes that [ ] classified documents contain inculpatory evidence that is ordinarily discoverable. *See U.S. v. Baker*, 453 F.3d 419, 424 (7th Cir. 2006) (citing cases from Sixth and D.C. Circuits for the proposition that "Rule 16 requires the production of inculpatory as well as exculpatory evidence, which might assist in preparation of a defense"). The Government also acknowledges that [ ]

[ ] that would ordinarily be discoverable. *See* Fed. R. Crim. P. 16(a)(1)(B)(i).

Thus, by the Government's own admission, [ ] documents it seeks to withhold from Turner would ordinarily be discoverable [ ]

                                    B.

The second prong of the four-part CIPA framework is also satisfied because the Government has validly asserted the classified information privilege. The classified declaration submitted with the Government's *ex parte* motion explains why disclosing [ ] underlying documents (and their attachments) could expose intelligence sources and methods and

harm U.S. national security. *See Jin*, 791 F.Supp.2d at 620-21
(finding valid assertion of state secrets privilege based, in
part, on sworn declaration of FBI's Assistant Director of
Counterintelligence); *see also U.S. v. Yunis*, 867 F.2d 617, 623
(D.C. Cir. 1989) (explaining that "much of the government's
security interest [in classified information] lies not so much
in the contents of [communications], as in the time, place, and
nature of the government's ability to intercept [such
communications] at all").

C.

The Government devotes most of its *ex parte* motion to the
third prong of CIPA's four-part framework for discovery motions:
whether the [        ] classified documents are "relevant and
helpful" to Turner's defense.

"To be helpful or material to the defense, evidence need
not rise to the level that would trigger the [G]overnment's
obligation under *Brady v. Maryland*, 373 U.S. 82 (1963), to
disclose exculpatory information." *U.S. v. Aref*, 533 F.3d 72,
80 (2d Cir. 2008); *see also Mejia*, 448 F.3d at 456-57 ("While
*Brady* information is plainly subsumed within the larger category
of information that is "at least helpful" to the defendant,
information can be helpful without being 'favorable' in the
*Brady* sense.").

In analyzing whether the [___] classified documents are relevant and helpful, the Government anticipates that Turner will raise the following defenses: (1) that he did not act with the requisite *mens rea* for the charged offenses; (2) that he did not act as the agent of a foreign government; (3) that he did not provide any prohibited services to Specially Designated Nationals. I have also considered Turner's *ex parte* submission outlining the defenses he intends to raise at trial. However, given the *ex parte* nature of this proceeding, I take the broadest possible view of how the [___] classified documents might be "relevant and helpful" to Turner's defense.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

D.

The [ ] classified documents the Government seeks to
withhold from Turner are not helpful to his defense. Therefore,
I need not reach the fourth prong of the framework for CIPA
discovery motions that requires balancing the government's
interest in secrecy against Turner's interest in disclosure.

*Yunis,* 867 F.3d at 625 (declining to apply balancing test in a similar posture).

V.

The Government's *ex parte* motion for entry of a protective order authorizing the prosecution to withhold [ ] classified documents from Turner is GRANTED for the reasons stated above. The Government is directed to file a redacted version of its *ex parte* motion on the public record. The Classified Information Security Officer is directed to issue an un-redacted version of this opinion to the Government *ex parte* and maintain the same under seal.

ENTER ORDER:

_Elaine E. Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: June 16, 2014