```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


   UNITED STATES OF AMERICA,      )
                                  )
               Plaintiff,         )
                                  )
         v.                       )   No. 13 CR 572-2
                                  )
   C. GREGORY TURNER,             )
                                  )
               Defendant.         )
```

MEMORANDUM OPINION AND ORDER

C. Gregory Turner ("Turner") has been charged with (1) knowingly acting and conspiring to act as an agent of the Republic of Zimbabwe without notifying the Attorney General and (2) willfully conspiring to provide public relations, political consulting, and lobbying services to sanctioned Zimbabwean officials without obtaining a license from the Treasury Department.  *See* Dkt. No. 38 ("Indictment").

Before me are Turner's motions under Federal Rule of Criminal Procedure 15(a) for leave to depose two foreign nationals: (1) Robert Mugabe ("Mugabe"), the President of Zimbabwe and a Specially Designated National ("SDN") to whom Turner allegedly provided services and (2) Monica Mutsvangwa, a former Zimbabwean senator from Mugabe's political party whose name appears on the "Consulting Agreement" that I have provisionally admitted into evidence.

1

I deny Turner's motions to depose these two witnesses, *see* Dkt. No. 152 at ¶¶ 43-46 and Dkt. No. 156, for the reasons stated below.

I.

Turner reports that Mugabe will be in New York City this week for the United Nations ("U.N.") General Assembly meetings. However, Turner has not specified the precise dates on which he thinks Mugabe is "available to be deposed." *See* Dkt. No. 156 at ¶ 3.

The parties agree that I have no authority to order Mugabe to sit for a deposition in connection with this case. *See Tachiona v. U.S.*, 386 F.3d 205, 218-19 (2d Cir. 2004) (holding that Mugabe could not be served with a civil complaint outside a private political rally and fundraiser in Harlem because he was entitled to diplomatic immunity under the U.N. Convention on Privileges and Immunities, 21 U.S.T. 1418, Art. IV, § 11, and the Vienna Convention on Diplomatic Relations, 23 U.S.T. 3227, Art. 31).

Despite Mugabe's entitlement to diplomatic immunity, Turner contends that he is "amenable to voluntarily appearing for a deposition with respect to this matter." *See* Dkt. No. 160 at ¶ 3. At the motion hearing held on September 17, 2014, I asked Turner to substantiate his contention that Mugabe is, in fact, willing to be deposed during his trip to New York City for the

U.N. General Assembly meetings. Turner's counsel responded with a vague description of assurances he had received from Mugabe's purported representatives. Turner has not filed anything since the September 17, 2014 hearing to show that Mugabe is willing to testify in connection with this case.

Rule 15 authorizes criminal depositions only when "exceptional circumstances" warrant the preservation of witness testimony for use at trial. Fed. R. Crim. P. 15(a). It is Turner's burden to demonstrate the "exceptional circumstances" exist. *U.S. v. Morrison*, 946 F.2d 484, 490 (7th Cir. 1991). "[A] showing of exceptional circumstances must be considerably more concrete and particularized than mere speculation about the possible need for depositions in the future [or the possible availability of a witness]." *Id.; see also U.S. v. Knox*, 540 F.3d 708, 717 (7th Cir. 2008) (7th Cir. 2008) (identifying "whether the deponent would be available at the proposed location of the deposition" and "whether the deponent would be willing to testify" as two factors courts should consider in deciding whether "exceptional circumstances" justify a criminal deposition (citing *U.S. v. Olafson*, 203 F.3d 560, 567 (9th Cir. 2000)).

Turner has not made a concrete and particularized showing that Mugabe is willing to sit for a deposition in this case.

His motion amounts to a request for leave to depose a witness who is only hypothetically available.

Turner has also been vague about the substance of Mugabe's anticipated testimony. *See Knox*, 540 F.3d at 718 (identifying "the expected substance of [a witness's] testimony or how it would exculpate [the defendant]" as two factors to consider under Rule 15's exceptional circumstances requirement). The only thing Turner has said on this subject is that he expects Mugabe to testify that "Mr. Turner acted for humanitarian purposes and that Mr. Turner is not and never has been the agent of Zimbabwe or of Mr. Mugabe." Dkt. No. 160 at ¶ 13. I have already ruled that Turner's alleged humanitarian motivations are irrelevant to the charged offenses. *See* Dkt. No. 179 at § II.A. As for Mugabe's anticipated testimony that Turner did not act as his agent, this is a legal conclusion devoid of any factual support. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

In sum, Turner has not made a concrete and particularized showing that Mugabe is available and willing to testify or provided necessary details about the expected substance of Mugabe's testimony and how it would be material or exculpatory.

Without such information, I cannot say that "exceptional circumstances" warrant the taking of the requested deposition.

## II.

Turner's request to travel to Zimbabwe for the purpose of deposing Ms. Mutsvangwa suffers from similar flaws.

Turner has not demonstrated that Ms. Mutsvangwa is available and willing to testify or that she can lawfully be deposed in Zimbabwe in connection with a U.S. criminal case. With regard to the substance of Ms. Mutsvangwa's expected testimony, Turner has only said that she will deny ever seeing or signing the Consulting Agreement that I have provisionally admitted as Ben Israel's statement to Bank Employee A. *See* Dkt. No. 152 at ¶ 15. It is undisputed that Ms. Mutsvangwa did not sign the Consulting Agreement. Whether she ever saw the Agreement skirts the issue of whether she authorized someone to sign it on her behalf.

In short, I deny Turner's request to depose Ms. Mutsvangwa because he has not made a concrete and particularized showing that she is available and willing to testify, could lawfully be deposed, or will provide material testimony.

## III.

Turner's motions to depose Mugabe and Ms. Mutsvangwa are denied for the reasons stated above.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 23, 2014