

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| C. Gregory Turner | ) | Case Number: 13 CR 572-2 |
| | ) | USM Number: 46105-424 |
| | ) | James D. Tunick and Michael Irving Leonard |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☑ was found guilty on count(s)    Three of the redacted indictment
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 50 U.S.C. 1705(c) | Conspiracy to provide services on behalf of specially designated Nationals without a license | 4/30/2010 | Three |

    The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)    One and Two of the redacted indictment.

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/20/2015
Date of Imposition of Judgment

*/s/ Elaine E. Bucklo*
Signature of Judge

Hon. Elaine E. Bucklo, U.S. District Judge
Name and Title of Judge

1/21/2015
Date

DEFENDANT: C. Gregory Turner
CASE NUMBER: 13 CR 572-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

FIFTEEN (15) MONTHS on Count Three of the redacted indictment.

☑ The court makes the following recommendations to the Bureau of Prisons:

that defendant be housed in the closet facility to Tallahassee, Florida.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☑ before 2 p.m. on   3/13/2015   .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
              Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: C. Gregory Turner
CASE NUMBER: 13 CR 572-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
ONE (1) YEAR

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: C. Gregory Turner
CASE NUMBER: 13 CR 572-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　　☐ fine　　☐ restitution.

　　☐ the interest requirement for the　　☐ fine　　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: C. Gregory Turner
CASE NUMBER: 13 CR 572-2

Judgment — Page 5 of 5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    Motion of the United States for entry of a preliminary order of forfeiture is granted. Enter Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | 13 CR 572 |
| ) | |
| C. GREGORY TURNER ) | Judge Elaine E. Bucklo |
| ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2 and the Court being fully informed hereby finds as follows:

(a) On August 27, 2013, an indictment was returned charging defendant C. GREGORY TURNER and others with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 4), among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) On October 6, 2014, a jury trial was held before this Court;

(d) On October 10, 2014, the jury returned a verdict of guilty against defendant C. GREGORY TURNER as to Count Four of the indictment, thereby making the property named in the Forfeiture Allegation of the indictment subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(e) Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended on December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently

in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendants at sentencing;

(f) In accordance with this provision, the United States requests that this Court enter a preliminary order of forfeiture against defendant C. GREGORY TURNER in the amount of $90,000, which funds are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which states in part:

> 18 U.S.C. § 981(a)(1)(C):
>
>> The following property is subject to forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of ...section 1341 (relating to mail fraud).
>
> 28 U.S.C. § 2461(c):
>
>> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the Indictment or Information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the Controlled Substances Act (21 U.S.C. § 853), other than subsection (d) of that section.

(g) The United States seeks a forfeiture judgment against defendant C GREGORY TURNER in the amount of $90,000 and further requests the entry of a preliminary order of forfeiture in that amount, because the funds are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(h) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant C.

GREGORY TURNER and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, a forfeiture judgment is entered against defendant C GREGORY TURNER in the amount of $90,000. It is further ordered,

2. That, accordingly, all right, title and interest defendant C GREGORY TURNER may have in funds in the amount of $90,000 is hereby forfeit to the United States of America for disposition according to law. It is further ordered,

3. That, by any act or omission on the part of defendant C GREGORY TURNER, funds in the amount of $90,000 cannot be located to satisfy the forfeiture judgment; pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States has the authority to forfeit substitute assets in the amount of $90,000 to satisfy the money judgment entered by this Court. It is further ordered,

4. That, should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law. It is further ordered,

5. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant C GREGORY TURNER and shall be made part of any judgment and commitment order entered in this case against him. It is further ordered,

6. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Elaine E. Bucklo*
ELAINE E. BUCKLO
United States District Judge

DATED: January 20, 2015